UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TELLY ROYSTER, :
:
    Plaintiff, : CIVIL NO. 1:CV-06-0842
:
v. : (Judge Caputo)
:
JEFFREY BEARD, *et al.*, :
:
    Defendants. :

## MEMORANDUM

Presently before the Court is Plaintiff Telly Royster's Motion for Reconsideration (Doc. 24) of this Court's Order granting in part Defendants' Motion to Dismiss (Docs. 22, 31). For the reasons set forth below, the Motion will be denied.

## BACKGROUND

Plaintiff, an inmate currently incarcerated at the Fayette State Correctional Institution ("SCI-Fayette") in LaBelle, Pennsylvania, commenced this action on April 24, 2006 by filing a *pro se* civil rights action pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1). Defendants are the Pennsylvania Department of Corrections' Secretary, Jeffrey A. Beard, and the following officials at the State Correctional Institution in Camp Hill, Pennsylvania: Chief Grievance Coordinator, S. Burks; Superintendent, D. Kelchner; Unit Manager, R. Marsh; Unit Manager, B. Steigerwalt; and Property Officers Huber, Kline, Leahman, Spriggle and Stubbs.

Plaintiff claims that: (1) between March of 2002 and February of 2005, Property Officers Lehman, Kline, Stubbs, Spriggle, and Huber improperly confiscated 28 "incoming publications received through the mail" and addressed to Plaintiff, in retaliation for one or

more grievances filed by Plaintiff (Doc. 1 at 3); (2) Kelchner, Marsh, and Beard retaliated against Plaintiff for grievances he had filed (*Id.* at 5); (3) Defendants improperly destroyed Plaintiff's confiscated publications (*Id.*); and (4) Beard, Burks, Kelchner, and Marsh conspired to cover up the wrongful destruction of Plaintiff's property (*Id.* at 5-6.)  He seeks declaratory judgment, monetary damages, fees and costs, and any other appropriate relief.

On July 25, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 15).  In their Motion, Defendants made the following arguments: any claims of wrongful acts occurring before April 24, 2004, are barred by the applicable two-year statute of limitations; Burks and Beard cannot be sued for upholding grievance denials; and Plaintiff has received adequate post-deprivation procedures for his confiscated property.

Upon consideration of Defendants' Motion, this Court made the following conclusion with respect to Plaintiff's confiscation claim:

> Plaintiff alleges that the property officer Defendants improperly confiscated his publications from 2002 to 2005, the retaliation began on April 27, 2004, and the conspiracy occurred on or around January 11, 2005.  The Complaint was filed on April 24, 2006.  Therefore, although the retaliation and conspiracy events are alleged to have occurred within two years of the filing date, the Court concludes that any claim of improper confiscation of Plaintiff's publications prior to April 24, 2004, would be barred by the applicable statute of limitations.  Thus, Defendants' motion will be granted on this issue.

(Doc. 22 at 3).  Defendants' Motion was denied with respect to their arguments that Burks and Beard could not be sued for upholding grievance denials and that Plaintiff received adequate post-deprivation procedures for his confiscated property.  The Motion was denied on these issues because Plaintiff alleged retaliation by Defendants throughout his

complaint and also implied a claim of conspiracy against Burks, Kelchner, and Marsh. (Doc. 1 at 5-6).

## DISCUSSION

A motion for reconsideration should be made only to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Plaintiff fails to demonstrate that there has been an error of law or fact or that there is newly discovered evidence. Thus, his Motion will be denied.

Plaintiff seeks reconsideration of the Order (Docs. 22, 31) to the extent that it dismissed his confiscation claims that arose before April 24, 2007. He concedes that the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted). However, Plaintiff argues that, when his mail first was confiscated in 2002, he had no knowledge that his rights were being violated. (Doc. 24 at 1). Plaintiff claims that his lack of knowledge of the law and the arbitrary nature of the violations prevented him from realizing he was injured. (*Id.*) Plaintiff states that, in 2004, he realized that something was wrong and began researching the law. (*Id.*).

Plaintiff appears to be asserting that the discovery rule applies to toll the statute of limitations in this case. The discovery rule was adopted by Pennsylvania courts in recognition of the fact that some injuries are not immediately apparent. *See Ayers v. Morgan*, 154 A.2d 788, 791 (Pa. 1959). *See also Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "The purpose of the discovery rule has been to exclude from the running of the

3

statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury." *Id. (*citing *Hayward v. Medical Center of Beaver County,* 608 A.2d 1040, 1043 (Pa. 1992)). The discovery rule applies in cases where the injured is unable, despite the exercise of reasonable diligence, to know that he is injured and what caused the injury. *Id.* (citation omitted). Thus, a statute of limitations does not begin to run until a "person knows or through the exercise of due diligence is able to ascertain that an injury has occurred." *Sterling v. St. Michael's School for Boys*, 660 A.2d 64, 66 (Pa.Super. 1995), *allocatur denied*, 670 A.2d 142 (Pa. 1995). "If a party has the means of discovery within his power but neglects to use them, his claim will still be barred." *Burnside v. Abbott Laboratories*, 505 A.2d 973, 988 (Pa.Super. 1985).

The party seeking to benefit from the discovery rule has the burden of establishing their inability to know of the injury despite the exercise of reasonable diligence. *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997). The standard of reasonable diligence is an objective one that applies to all individuals rather than to a unique plaintiff. *Id., Redenz by Redenz v. Rosenberg*, 520 A.2d 883, 886 (Pa.Super. 1987), *appeal denied*, 533 A.2d 93 (Pa. 1987). Thus, a plaintiff's own lack of knowledge is irrelevant. *Redenz*, 520 A.2d at 886.

Plaintiff has not met his burden of establishing an inability to know of his injury despite the exercise of reasonable diligence. *See Dalrymple,* 701 A.2d at 167.

Plaintiff contends that he did not "discover" his injury until he realized in 2004 that "something may have been wrong" and began researching the law to learn about his rights. (Doc. 24 at 1).  He contends that this new knowledge led him to first file "in-house complaints" and then this civil rights action.  (*Id.*)

Plaintiff's argument is without merit.  The alleged injuries stem from confiscation that occurred in 2002.  The alleged injuries and the cause thereof were immediately ascertainable.  While it may be true that Plaintiff lacked the knowledge that he could file a civil complaint during the statute of limitations period, his lack of knowledge is irrelevant.  *See Redenz*, 520 A.2d at 886.  Thus, the discovery rule does not apply.

## CONCLUSION

For the foregoing reasons, Plaintiff has not demonstrated that there is a manifest error of law such that the Court should reconsider its Order granting Defendants' Motion to Dismiss as to claims arising prior to April 24, 2004.  Accordingly, Plaintiff's Motion for Reconsideration (Doc. 24) will be denied.

    s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge

Dated: November 9, 2007

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELLY ROYSTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:CV-06-0842 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JEFFREY BEARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

**NOW,** this 9th day of November, 2007, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 24) is **DENIED**.

                                                          s/ A. Richard Caputo
                                                          A. RICHARD CAPUTO
                                                          United States District Judge